1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PETER LLOYD, et al.,

          Plaintiffs,

    v.

MIKAEL SJÖBLOM, et al.,

          Defendants.

Case No.: C-14-0234 JSC

**ORDER GRANTING  MOTION TO DISMISS (Dkt. No. 12)**

      Plaintiffs Peter Lloyd ("Lloyd") and Ventor Progress AB ("Ventor") sue Mikael Sjöblom and Euro Office Americas, Inc. ("Euro Office") for breach of contract and fraud, among other claims, arising out of Plaintiffs' investments in Euro Office.  Euro Office responded by filing a cross-complaint against Lloyd and Ventor involving a related business venture to develop and market an ergonomic computer mouse that was manufactured in China.  Now pending before the Court is Lloyd and Ventor's Motion to Dismiss all of Euro Office's cross-claims.  (Dkt. No. 12.)  After carefully considering the parties' submissions, the Court finds this motion appropriate for resolution without oral argument *see* Civil L.R. 7–1(b), and GRANTS the motion to dismiss with leave to amend.

United States District Court
Northern District of California

1  | **ALLEGATIONS OF THE CROSS-COMPLAINT**

Euro Office is a Delaware corporation with its principal place of business in Napa, California.  (Dkt. No. 7 ¶ 2.)  In November 2009, Euro Office entered into an Engagement Agreement ("Agreement") with Lloyd.  (*Id.* ¶ 12, Ex. A.)  Under the terms of the Agreement, Lloyd agreed to serve as a non-exclusive facilitator for purposes of introducing Euro Office to potential new technologies and materials in exchange for stock.  (Dkt. No. 7, Ex. A.)  The Agreement limited Lloyd's role to making recommendations to Euro Office.  (*Id.* ¶ 1.)  Pursuant to the Agreement, Lloyd also agreed not to: (1) make any representations relating to Euro Office, its history, business operations, or future prospects that have not been expressly authorized by Euro Office in writing; (2) disclose to third parties any information provided to him by Euro Office, except with Euro Office's prior written consent; and (3) use such information for any purpose other than in furtherance of the transactions contemplated in the Agreement.  (*Id.* ¶¶ 3-4.)  The Agreement would remain in effect for five years and could be extended in writing by both parties.  (*Id.* ¶ 5.)

Euro Office's Cross-Complaint asserts the following five causes of action: (1) declaratory relief; (2) breach of contract; (3) conversion; (4) "intentional interference with contractual and prospectively advantageous relationships"; and (5) conspiracy.  (Dkt. No. 7.)  Lloyd and Ventor move to dismiss the entire Cross-Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

**LEGAL STANDARD**

A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d

United States District Court
Northern District of California

1025, 1031 (9th Cir. 2008).  "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotation marks and citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.").

Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), under which a party is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555.)  "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."  *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").  The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 663.  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 663-64.

## DISCUSSION

### I.   Declaratory Relief (First Cause of Action)

In its declaratory relief claim, Euro Office seeks "a judicial determination of its rights and duties, and a declaration as to shareholder interests as to [Euro Office] and Euro Office Holding AB, together with VP's refusal to fund Lloyd's obligations."  (Dkt. No. 7 ¶ 8.)  Lloyd and Ventor move to dismiss on the following grounds: (1) the claim is vague and ambiguous; and (2) Euro Office fails to state a cause of action because it has not sufficiently pled an actual controversy relating to the parties' legal right and duties under a specific instrument or agreement.  (Dkt. No. 12 at 8.)

Federal courts sitting in diversity apply the substantive law of the forum state.  *See Gasperini v. Center for Humanities*, 518 U.S. 415, 427 (1996) ("[F]ederal courts sitting in diversity apply state substantive law and federal procedural rules.").  For this reason, federal courts consistently apply California Code of Civil Procedure Section 1060 rather than the federal Declaratory Judgment Act when sitting in diversity.  *See e.g., McKinney v. Google, Inc.*, 2011 WL 3862120 at *8-9 (N.D. Cal. Aug. 30, 2011) (applying Section 1060 to a declaratory relief claim); *see also Smith v. Bioworks, Inc.* 2007 WL 273948 at *4 n.5 (E.D. Cal. Jan. 29, 2007) ("Plaintiff generally alleges a claim for declaratory relief in his Complaint. Because this is a diversity action, and because plaintiff alleges that California law applied in this action, the court applies California's declaratory relief statute to plaintiff's claims.").

Section 1060 confers standing on "[a]ny person interested under a written instrument . . . or under a contract" to bring an action for declaratory relief "in cases of actual controversy relating to the legal rights and duties of the respective parties."  Cal. Civ. Proc. Code § 1060. Thus, in a complaint seeking declaratory relief, "an actual, present controversy must be pleaded specifically and the facts of the respective claims concerning the [underlying] subject must be given."  *City of Cotati v. Cashman*, 29 Cal. 4th 69, 80 (2002); *see also Foster v. Masters Pontiac Co.*, 158 Cal. App. 2d 481, 488 (1958) (holding that the actual controversy element "is met by allegations showing a controversy respecting the rights of parties to a written instrument, accompanied by a request that these rights be determined and declared").

Although Euro Office has alleged a dispute between the parties regarding shareholder interests, the existence of a *contract* must be alleged in order for the Court to determine whether a controversy exists regarding the nature of the parties' contractual rights and obligations.  *See Columbia Pictures Corp. v. DeToth*, 26 Cal. 2d 753, 760-61 (1945) (holding that "a complaint for declaratory relief is legally sufficient if it sets forth facts showing the existence of an actual controversy relating to the legal rights and duties of the respective parties *under a contract*) (emphasis added); *see also Brownfield v. Daniel Freeman Marina Hosp.*, 208 Cal. App. 3d 405, 410 (1989) ("The actual controversy requirement concerns the

United States District Court
Northern District of California

1   existence of present controversy relating to the legal rights and duties of the respective parties

2   pursuant to contract, statute or order.") (internal quotation marks and citations omitted).

3          Euro Office's cursory mention of a "finders agreement" (Dkt. No. 7 ¶ 7) fails to

4   provide the factual detail necessary to defeat a Rule 12(b)(6) motion.  In addition, Euro

5   Office's assertion that Section 1060 does not require a contract to be written—although true—

6   is inapposite because Euro Office has not sufficiently alleged the existence of an oral contract.

7   Accordingly, Euro Office has failed to allege an actual controversy relating to an interest

8   under a contract, and thus fails to state a claim for declaratory relief under Section 1060.  The

9   motion to dismiss the declaratory relief claim is granted with leave to amend provided Euro

10  Office can adequately plead an actual concrete controversy.

11         **II.      Breach of Contract Against Lloyd (Second Cause of Action)**

12         To state a claim for breach of contract, Euro Office must allege: (1) the existence of a

13  contract; (2) performance by Euro Office or excuse for nonperformance; (3) breach by Lloyd;

14  and (4) damages.  *See First Commercial Mortg. Co. v. Reece*, 89 Cal. App. 4th 731, 745

15  (2001).  Euro Office alleges that Lloyd breached the Engagement Agreement, including but

16  not limited to paragraphs 1, 3, and 4 as follows: "[i]n addition to attempting to direct

17  production of [Euro Office's] product to his company . . . the initial production of 1,600

18  product units were more expensive and failed."  (Dkt. No. 7 ¶ 14.)  Lloyd moves to dismiss on

19  the ground that Euro Office has not alleged a breach by Lloyd; specifically, Lloyd argues that

20  no breach occurred because Euro Office's allegations as to what constitutes a breach of the

21  Agreement—directing production to Lloyd's company, and producing an expensive and faulty

22  product—directly contradict the terms of the Agreement which merely require that Lloyd

23  make recommendations to the company and refrain from disclosing certain information.  (Dkt.

24  No. 12 at 11.)  Thus, because the Agreement did not explicitly prohibit Lloyd's conduct,

25  Lloyd argues his conduct could not breach the Agreement.  (*Id.* at 12.)  Euro Office counters

26  that "the evidence will show that [Lloyd] did not perform to the terms of [the Agreement] *and*

27  *other oral agreements* between the parties."  (Dkt. No. 14 at 7) (emphasis added).

28

It is unclear whether the breach of contract claim arises solely from the Agreement, from other unidentified oral contracts, or from the Agreement in conjunction with the oral contracts. Accordingly, the breach of contract claim is dismissed with leave to amend. Euro Office's claim must specifically identify the contract allegedly breached as well as how it was breached.

### III.    Conversion Claim Against Lloyd and Ventor (Third Cause of Action)

Lloyd and VP move to dismiss Euro Office's conversion claim on the ground that Euro Office "completely fails to allege the essential elements of a conversion cause of action." (Dkt. No. 12 at 13.) Conversion is "the wrongful exercise of dominion over" personal property belonging to another. *Burlesci v. Petersen*, 68 Cal. App. 4th 1062, 1066 (1998). To state a claim for conversion, Euro Office must allege: (1) Euro Office's ownership or right to possession of the property at the time of the conversion; (2) Lloyd and Ventor's conversion by a wrongful act or disruption of Euro Office's property rights; and (3) resulting damages. *See Shopoff & Cavallo LLP v. Hyon*, 167 Cal. App. 4th 1489, 1507 (2008).

Euro Office alleges that Lloyd and Ventor "used [Euro Office's] name to engage manufacturers in China to execute the plan to manufacture and ship inventory to England." (Dkt. No. 7 ¶ 18.) Lloyd and Ventor argue that the alleged use of Euro Office's name cannot support a claim for conversion. The contention appears correct and Euro Office's Opposition does not respond to or dispute it.[1] Thus, the only issue before the Court is whether Euro Office has stated a claim for conversion of its personal property, not including its name.

Euro Office alleges only that Lloyd and Ventor "executed a plan to take over corporate property" (Dkt. No. 7 ¶ 17), "have refused to acknowledge that the inventory shipped to England are assets of [Euro Office]" (*Id.* ¶ 18), and caused Euro Office damage. These allegations fail to describe the converted property with sufficient particularity to put Lloyd and Ventor on proper notice. *See* 14A Cal. Jur. 3d Conversion § 64 (2014) ("The description of the property allegedly converted must be sufficient to identify it, or the complaint may be

---

[1] Some courts have held that a party can bring a cause of action for conversion of a domain name. *See e.g. Kremen v. Cohen*, 337 F.3d 1024, 1030 (9th Cir. 2002). The Court is unaware of any case law in support of recognizing a claim for conversion of a company's name.

United States District Court
Northern District of California

subject to [dismissal]."); *see also Rondberg v. McCoy*, 2009 WL 3017611 at *5 (S.D. Cal. Sept. 21, 2009) (dismissing conversion claim that alleged that defendant retained "remittances on Plaintiff's accounts, and other funds" because plaintiff failed to establish which specific property defendant retained). Euro Office's allegation in its Opposition that Lloyd and Ventor shipped inventory "that consisted of the plastic parts that make up the ergonomic computer mouse" (Dkt. No. 14 at 7) is ineffective to save the claim because the Court may not consider additional facts alleged in Euro Office's Opposition to the motion to dismiss to determine the sufficiency of the Cross-Complaint's allegations. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."). Accordingly, the motion to dismiss the conversion claim is granted with leave to amend.

### IV.   Intentional Interference with Contractual and Prospectively Advantageous Relationships Against Lloyd and VP (Fourth Cause of Action)

Euro Office alleges that Lloyd and Ventor wrongfully and intentionally interfered with Euro Office's contractual and prospectively advantageous relationships with its Chinese manufacturers by using Euro Office's staff in China "for a number of personal projects." (Dkt. No. 7 ¶ 22.) Lloyd and Ventor insist the claim must be dismissed because no such cause of action exists. It is apparent, however, from its Opposition that Euro Office is attempting to state a claim for intentional interference with prospective economic advantage, which "imposes liability for improper methods of disrupting or diverting the business relationship of another which fall outside the boundaries of fair competition." *Settimo Associates v. Environ Sys, Inc.*, 14 Cal. App. 4th 842, 845 (1993).

To state such a claim Euro Office must allege: (1) an economic relationship between Euro Office and some third party, with the probability of future economic benefit to Euro Office; (2) knowledge of Lloyd and Ventor of the relationship; (3) an intentional wrongful act on the part of Lloyd and Ventor designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to Euro Office proximately caused by the acts of

United States District Court
Northern District of California

1  Lloyd and Ventor.  *See Korea Supply Co. v. Lockheed Martin Corp.,* 29 Cal. 4th 1134, 1153

2  (2003); *see also Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal. 4th 376, 392-93

3  (1995).  Euro Office's burden includes pleading and proving "that [Lloyd and Ventor] not

4  only knowingly interfered with [Euro Office's] expectancy, but engaged in conduct that was

5  wrongful by some legal measure other than the fact of interference itself."  *Della Penna*, 11

6  Cal. 4th at 393.

7       Euro Office's allegations, viewed in the light most favorable to Euro Office,

8  sufficiently state a prospectively beneficial economic relationship with Euro Office and its

9  Chinese manufacturers of which Lloyd and Ventor were aware.  Nonetheless, Euro Office has

10  not alleged that Lloyd and Ventor engaged in an independently wrongful act designed to

11  disrupt the relationship, actually disrupted the relationship, or caused Euro Office to suffer

12  economic harm.  *See Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1151 (9th Cir.

13  2008) (finding the pleadings insufficient where the plaintiff stated in a conclusory manner that

14  economic relations had been disrupted without providing facts alleging an actual disruption).

15  Euro Office merely alleges that Lloyd and Ventor used Euro Office's Chinese manufacturers

16  for personal projects unrelated to Euro Office's business, knew that these practices would

17  interfere with the relationship, and that Euro Office has suffered damage.  More must be

18  alleged.  Accordingly, the motion to dismiss the fourth cause of action is granted with leave to

19  amend.

20       **V.       Conspiracy**

21       Euro Office alleges that Lloyd and VP conspired to commit "the acts alleged in

22  paragraphs 17 and 22" of the Cross-Complaint.  (Dkt. No. 7 ¶ 27.)  Paragraphs 17 and 22

23  pertain to the conversion and intentional interference with economic advantage claims.  "Civil

24  conspiracy is not an independent tort.  Instead, it is a legal doctrine that imposes liability on

25  persons who, although not actually committing a tort themselves, share with the immediate

26  tortfeasors a common plan or design in its perpetration."  *City of Industry v. City of Fillmore*,

27  198 Cal. App. 4th 191, 211-12 (2011) (internal quotation marks omitted).  Therefore,

28  conspiracy to commit a tortious act requires that Euro Office sufficiently plead the elements of

the underlying cause of action.  Because Euro Office has not stated a claim for either conversion or intentional interference with prospective economic advantage, it follows that Euro Office cannot state a claim for conspiracy and the motion to dismiss is granted accordingly.

**CONCLUSION**

For the reasons explained above, the Court GRANTS Plaintiffs' motion to dismiss in its entirety with 20 days leave to amend. The case management conference currently scheduled for May 15, 2014 is continued to May 29, 2014 at 1:30 p.m., a joint case management statement shall be filed seven days prior to the conference.

IT IS SO ORDERED.

Dated: April 17, 2014

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

United States District Court
Northern District of California

9