UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER LLOYD, et al.,<br>    Plaintiffs,<br>  v.<br>MIKAEL SJOBLOM, et al.,<br>    Defendants. | Case No. 14-cv-00234-JSC<br><br>**ORDER RE: JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 35 |

Now pending before the Court is the parties' joint discovery letter regarding Defendants/Cross-Complainants Mikael Sjoblom and Euro Office Americas, Inc.'s ("Euro Office") production of Euro Office's financial records and certain documents located in Stockholm, Sweden. (Dkt. No. 35.) The Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7–1(b), and orders as set forth below.

Regarding the financial records, Defendants represent that they have produced all requested financial records from Euro Office up to 2010 that they can find. Although Plaintiffs challenge Defendants' failure to produce financial records for certain years prior to 2010, the Court cannot order Defendants to produce documents they do not have. For financial records from 2010 to the present, Defendants have agreed to allow Plaintiffs' attorney and chosen expert to inspect such records so long as the records are not copied and are not disclosed to Plaintiffs, who, since 2010, are Euro Office's competitors. Plaintiffs fail to explain why Defendants' proposed handling of sensitive documents should not be adopted at this stage in the case. The Court is not persuaded that Defendants' responses to Plaintiffs' request for production included an unqualified agreement to produce all financial records. Thus, by no later than **Monday, August 25, 2014**, the parties shall submit a protective order for the Court's approval that will guide the disclosure of

documents that Defendants deem "Attorney's Eyes Only." Model protective orders can be found at http://www.cand.uscourts.gov/stipprotectorder. If Plaintiffs believe that the documents do not warrant an "Attorney's Eyes Only" designation, Plaintiffs may challenge the designation through the procedures set forth in the protective order.

Plaintiffs next contend that Defendants have "refused" to produce documents in their control in Sweden. Although Defendants do not respond in the joint letter to Plaintiffs' concern, a July 17, 2014 letter from Defendants' counsel to Plaintiffs' counsel attached to the joint discovery letter appears to show that Defendants have agreed to produce the documents located in Sweden. The only apparent problem is making copies of the documents in Sweden. Thus, by no later than **Monday, August 25, 2014** the parties shall meet and confer to ensure that Plaintiffs receive copies of the requested documents located in Sweden.

**IT IS SO ORDERED.**

Dated: August 15, 2014

_Jacqueline S. Corley_
JACQUELINE SCOTT CORLEY
United States Magistrate Judge